No. 23-4174

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

———————

**UNITED STATES OF AMERICA,**
*Plaintiff/Appellee*,

**v.**

**WILLIAM ANTHONY DAVIS, JR.,**
*Defendant/Appellant.*

———————

**On Appeal From the United States District Court
for the Eastern District of Virginia
Newport News Division  (The Hon. Roderick C. Young)**

———————

**BRIEF OF THE APPELLANT**

———————

**GEREMY C. KAMENS**
**Federal Public Defender**

**Patrick L. Bryant**
**Andrew W. Grindrod**
**Assistant Federal Public Defenders**
**Counsel for Appellant**
**1650 King Street, Suite 500**
**Alexandria, VA 22314**
**(703) 600-0800**
**Patrick_Bryant@fd.org**
**Andrew_Grindrod@fd.org**

# **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Offense Conduct and Guilty Plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Sentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    Mr. Davis's 72-Month Sentence Is Procedurally and Substantively
    Unreasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A.    The district court failed to adequately address Mr. Davis's non-
          frivolous arguments for a shorter sentence. . . . . . . . . . . . . . . . . . 10

    B.    The sentence is substantively unreasonable . . . . . . . . . . . . . . . . . 16

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Compliance

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Gall v. United States*, 552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . 10-11, 13, 17

*Kimbrough v. United States*, 552 U.S. 85 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Rita v. United States*, 551 U.S. 338 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*United States v. Blue*, 877 F.3d 513 (4th Cir. 2017). . . . . . . . . . . . . . . 10, 13, 15-16

*United States v. Booker*, 543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022) . . . . . . . . . . . . . . . . . . . . 4

*United States v. Carter*, 564 F.3d 325 (4th Cir. 2009) . . . . . . . . . . . . . . . 10-11, 18

*United States v. Evans*, 526 F.3d 155 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Green*, 436 F.3d 449 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Hampton*, 441 F.3d 284 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . 18

*United States v. Howard*, 773 F.3d 519 (4th Cir. 2014) . . . . . . . . . . . . . . . . . 17-18

*United States v. Lewis*, 958 F.3d 240 (4th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Lynn*, 592 F.3d 572 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006) . . . . . . . . . . . . . . 11

*United States v. Ross*, 912 F.3d 740 (4th Cir. 2019). . . . . . . . . . . . . . . . 11, 13-15

*United States v. Shortt*, 485 F.3d 243 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Slappy*, 872 F.3d 202 (4th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Tucker*, 473 F.3d 556 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . 18

## Statutes and Rules

18 U.S.C. § 922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 9-10, 12-13, 15, 17-19

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Va. Code Ann. § 18.2-248 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## United States Sentencing Guidelines

U.S.S.G. § 2K2.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

No. 23-4174

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

WILLIAM ANTHONY DAVIS, JR.,
*Defendant/Appellant.*

On Appeal From the United States District Court
for the Eastern District of Virginia
Newport News Division (The Hon. Roderick C. Young)

BRIEF OF THE APPELLANT

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231.  That court entered the judgment of conviction and sentence on the docket on February 28, 2023.  J.A. 5.  William Anthony Davis, Jr., timely filed his notice of appeal on March 13, 2023.  J.A. 167; *see* Fed. R. App. P. 4(b)(1), (b)(6).  Therefore, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

1

## <u>STATEMENT OF THE ISSUE</u>

Whether Mr. Davis's 72-month sentence is procedurally unreasonable because the district court failed to adequately address Mr. Davis's non-frivolous argument for a shorter sentence, and whether the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors the district court was required to consider.

## <u>STATEMENT OF THE CASE</u>

<u>Introduction</u>

William Davis pled guilty to possessing a firearm after having a felony conviction. At his sentencing, the district court correctly calculated the guideline range at 21 to 27 months of imprisonment. But the court then imposed a significant upward variance to 72 months—almost triple the high end of the range. It imposed this sentence despite the considerable mitigation evidence Mr. Davis presented, including a hellish childhood filled with abuse. Mr. Davis contended that a proper weighing of the § 3553(a) factors called for a sentence within the guideline range, not one that was so far above it. He now appeals the procedural and substantive reasonableness of his sentence.

<u>Offense Conduct and Guilty Plea</u>

This case began in March 2022, when police officers in Hampton, Virginia, saw Mr. Davis committing a traffic violation by driving while using a handheld device. J.A. 40. The officers activated their lights and siren to conduct a traffic stop. J.A. 40.

Mr. Davis went through a red light and then stopped when he collided with another car.  J.A. 40.

When the officers investigated the accident, they discovered that Mr. Davis's driver's license had been revoked.  J.A. 40.  The officers arrested Mr. Davis for reckless driving.  J.A. 40.  During the ride to the station, the police allegedly observed Mr. Davis shifting around in the back seat, and he complained about shoulder pain and asked to be handcuffed in the front.  J.A. 172.  The officers asked Mr. Davis if he had anything illegal on his body, and he admitted that he was carrying a firearm.  The officers searched Mr. Davis and recovered a 9mm semi-automatic handgun inside his pants.  J.A. 40; J.A. 172.

A federal grand jury indicted Mr. Davis on one count of possessing the firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). J.A. 7.  Mr. Davis promptly pled guilty without a plea agreement but with a stipulated statement of facts.  *See* J.A. 11 (plea hearing); J.A. 40 (statement of facts).  As part of the plea process, Mr. Davis admitted that the firearm had traveled in interstate commerce, that he knowingly possessed it, and that he knew he had previously been convicted of a felony offense.  J.A. 41.

<u>Sentencing</u>

The probation officer completed a presentence report in advance of sentencing. J.A. 169.  The PSR initially calculated Mr. Davis's guideline range as 57-71 months.

3

It started with an offense level of 24, based on a determination that Mr. Davis had at least two prior felony convictions for controlled substance offenses.  J.A. 46; J.A. 83; U.S.S.G. § 2K2.1(a)(2).  The alleged predicates were two Virginia convictions for distribution of controlled substances.  J.A. 176-178.

Mr. Davis objected to the guideline calculation, arguing that his prior convictions under Va. Code Ann. § 18.2-248 did not qualify as controlled substance offenses under the guidelines.  J.A. 83-89; J.A. 122-125.  Mr. Davis relied on this Court's decision in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), which held that the comparable West Virginia drug offense did not satisfy the relevant guideline.  J.A. 84.  The government suggested that *Campbell* was wrongly decided, but otherwise was unable to meaningfully distinguish the West Virginia statute at issue there from the Virginia statute under which Mr. Davis had been convicted.  J.A. 90-95; J.A. 125-129.

At Mr. Davis's sentencing hearing, the district court sustained his objection, agreeing that *Campbell* dictated the outcome.  J.A. 131-133.  As a result, the base offense level was 14, and after a two-level reduction for acceptance of responsibility, the final adjusted offense level was 12.  J.A. 133; J.A. 173 (amended PSR).  Mr. Davis's criminal history category was IV.  J.A. 133; J.A. 178.  This combination produced a guideline range of 21 to 27 months of imprisonment.  J.A. 133; J.A. 185.

The government asked for a sentence of 10 years in prison. J.A. 44. The government noted that the statutory maximum for the offense had been raised in 2022 from 10 to 15 years, J.A. 46, but that change took effect after Mr. Davis's offense conduct. Because the Ex Post Facto Clause would prohibit application of the increased penalty to pre-amendment conduct, the statutory maximum for Mr. Davis was 10 years, as he had been advised during his plea hearing.[1] *See* J.A. 19-22 (plea hearing); *see also* J.A. 185 (PSR). In seeking a sentence at the statutory maximum, the government primarily relied on the facts surrounding Mr. Davis's concealment of a gun after being arrested in this case, as well as Mr. Davis's criminal history, including the drug offenses and a prior robbery offense that did not involve a firearm and happened when Mr. Davis was 19 years old. J.A. 45-51; J.A. 135-140; J.A. 174-175.

After the district court agreed with Mr. Davis that the correct guideline range was 21 to 27 months, he asked for a sentence at the bottom of that range. J.A. 140. Mr. Davis's sentencing position paper supported that request by presenting extensive mitigating evidence, dating back to his childhood. J.A. 53-63. Mr. Davis was raised

---

[1] Mr. Davis was also advised during his plea hearing that the mandatory minimum sentence would be 15 years if he qualified under the Armed Career Criminal Act. J.A. 20-22. The government later acknowledged that because it had not charged that provision in the indictment (specifically, that Mr. Davis's potential ACCA predicates occurred on separate occasions), then he could not sentenced under that statute. J.A. 48. Thus, his statutory maximum remained at 10 years.

in an environment of fear, abuse, and danger. When he lived in his father's home, his father was often absent, "running the streets" using crack cocaine and alcohol, leaving Mr. Davis with one of a string of his father's girlfriends. J.A. 59; J.A. 180. As bad as this lack of structure and exposure to substance abuse was, it was likely preferable to the time Mr. Davis spent in his mother's home. She too used crack cocaine and alcohol, and her husband—Mr. Davis's stepfather—was consistently abusive. J.A. 59; J.A. 181. The stepfather beat Mr. Davis with his fists, tree branches, and even a 2x4. He threw Mr. Davis down a flight of stairs. He broke Mr. Davis's jaw in the course of one beating. J.A. 59; J.A. 181. Rather than protecting him, Mr. Davis's mother also abused him. She would slap and hit him, and one time threw a glass at him, shattering it and sending glass into his eye. J.A. 181. When his mother and stepfather split up for a while, he and his mother were left homeless. J.A. 181.

This brutal upbringing made a profound impact on Mr. Davis. He continues to experience mental health challenges that stem from his youth, including PTSD and other diagnosed conditions. J.A. 62; J.A. 183. His learning disabilities were so acute that his family qualified for disability income when he was a child. J.A. 61; J.A. 181. Counsel argued that these struggles were the root cause of Mr. Davis's prior criminal offenses, which took place ten or more years ago, when he was in his teens and early twenties. J.A. 62.

When Mr. Davis was not incarcerated, he was able to make some positive strides. He has been a loving father to his young daughter and cared for his partner's three children as well. J.A. 53; J.A. 62-63; J.A. 67-68. He worked consistently. J.A. 62. And since his release from prison, he did not get involved in drugs or violence any more. J.A. 62. Counsel further noted that there was no indication that Mr. Davis intended to use the firearm in this case in order to commit other crimes. J.A. 58. Finally, counsel presented several other cases where similarly situated defendants (or defendants with worse records) received sentences that were comparable to what Mr. Davis requested.

For all of those reasons—particularly the fact that the guidelines did not account for this mitigation evidence—counsel argued that a sentence at the low end of the range was appropriate. J.A. 144-145. Speaking on his own behalf, Mr. Davis apologized to the court and his family, and recognized that he had made "a costly mistake." J.A. 148. He expressed a desire to learn from his mistake, and "to do my time productively and get back home to my family." J.A. 148.

At the outset of its pronouncement of sentence, the district court stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors. J.A. 149. The court described the facts of the offense. J.A. 146-147; J.A. 149. It noted that "Mr. Davis's childhood was marked by instability, sickness, and abuse." J.A. 149-150. The court listed Mr. Davis's criminal history. J.A. 150. The court recommended that Mr. Davis

participate in education and vocational training during his sentence. J.A. 150-151. The court briefly referred to the guideline range and the need to avoid unwarranted sentencing disparities. J.A. 151.

The court then stated that it would grant the government's motion for an upward variance. J.A. 152. The court specifically mentioned Mr. Davis's concealment of a firearm in this offense and the extent of his criminal record and alleged gang participation. J.A. 152. The court also pointed out that Mr. Davis had a number of disciplinary infractions when he was incarcerated and that he had committed prior offenses while serving terms of court-mandated supervision. J.A. 152-153. The court expressed its belief that the guideline range was insufficient. J.A. 153. The court then imposed an upward variance sentence of 72 months, to be followed by three years of supervised release. J.A. 154; J.A. 161-162. At the conclusion of the proceedings, the court said that it "hope[d] it's going to finally sink in" for Mr. Davis, and that he would "get [his] life together," so that he would "never be standing before me or any other judge as a defendant ever again." J.A. 158.

Mr. Davis noted a timely appeal from the court's judgment. J.A. 167.

## SUMMARY OF ARGUMENT

The 72-month prison sentence that the district court imposed on Mr. Davis is both procedurally and substantively unreasonable and should be vacated. First, the district court failed to provide sufficient consideration on the record of Mr. Davis's

8

extensive mitigation evidence. Mr. Davis presented abundant evidence of the difficulties he dealt with during his childhood and the effect those struggles had on him. He explained how those experiences led to his criminal violations in the past. He also pointed to his more recent improvements: his increasing maturity, his turn away from drugs, and his contributions to his family. Yet the district court gave little attention to this argument in support of a shorter sentence, mentioning it only in passing and failing to explain why this mitigation factored into its sentencing decision. That procedural error renders the sentence unreasonable.

Second, the 72-month sentence is simply greater than necessary to achieve the goals of sentencing. The sentence represents an extreme upward variance from the guideline range of 21 to 27 months, but a proper consideration of the 18 U.S.C. § 3553(a) factors does not support the extent of the variance. The variance is even higher than the guideline range that the presentence report initially established and which the district court properly corrected. The correct guideline range appropriately accounted for Mr. Davis's criminal history, and no other factor called for such a significant hike in the sentence. Because the district court was obligated by statute to impose a sentence that was not greater than necessary, the 72-month sentence it chose was an abuse of discretion.

For either or both of these reasons, this Court should vacate Mr. Davis's sentence and remand the case for resentencing.

## STANDARD OF REVIEW

This Court reviews federal criminal sentences for procedural and substantive reasonableness under a deferential abuse-of-discretion standard.  *E.g.*, *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017); *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

## ARGUMENT

MR. DAVIS'S 72-MONTH SENTENCE IS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE

A.    The district court failed to adequately address Mr. Davis's non-frivolous arguments for a shorter sentence.

The primary federal sentencing statute, 18 U.S.C. § 3553, requires that a district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is outside the range described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described . . . ."  18 U.S.C. § 3553(c).  The Supreme Court has recognized that "a statement of reasons is important" and "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007); *see Gall*, 552 U.S. at 356, 357 (explaining that the statement of reasons is important not only for appellate review but also because it gives the public confidence in the sentencing process and helps that process to

10

evolve).  Accordingly, "[w]here the defendant or prosecutor presents non-frivolous reasons for imposing a different sentence tha nthat suggested by the Guidelines, the court should address those arguments and explain why it is rejecting them." *Gall*,552 U.S. at 356; *see Rita*, 551 U.S. at 357 (same); *Carter*, 564 F.3d at 328 (same).

In keeping with these statutory and Supreme Court directives, the Fourth Circuit has stated that "[d]istrict courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range, although they should especially explain sentences outside this range." *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (citation and alteration omitted).  This Court's precedents require a sentencing court to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019).  The district court failed to follow this rule because it did not sufficiently address Mr. Davis's argument for a shorter sentence premised on his mitigating evidence.

Mr. Davis presented extensive and undisputed evidence describing his background that supported his argument for a shorter sentence.  As detailed at length in the presentence report and in his written position paper, Mr. Davis suffered from horrendous abuse throughout his childhood.  He endured beatings from the adults who should have taken care of him.  Those experiences, as well as the overall lack of nurturing and structure and his consistent exposure to drug and alcohol abuse, caused

11

lasting damage to Mr. Davis.  All of that evidence, along with Mr. Davis's efforts to chart a different course in how he raises his own children, amply established a non-frivolous basis for a sentence below what the district court imposed.  Mr. Davis's argument—that his past put his present circumstances into perspective—acted as a counterweight to the government's heavy reliance on his criminal record.

The district court did not grapple with this argument in a meaningful way.  To be sure, the court briefly mentioned Mr. Davis's mitigating evidence.  J.A. 150.  But all it gave was a bare recitation, as if checking a box on a list.  During counsel's presentation, the court did not ask any questions about Mr. Davis's past.  And during its pronouncement of the sentence, the court did not elaborate on the facts or create any nexus between those facts and the court's weighing of the § 3553(a) factors.  Shortly after its brief mention of Mr. Davis's past (absent any depth or detail), the court turned to its much longer and more detailed cataloging of Mr. Davis's criminal record, without even pausing to consider whether the former explained the latter.

At most, the district court nodded to Mr. Davis's mitigating evidence without informing anyone—counsel, Mr. Davis, or this Court—how that evidence fit into its sentencing decision.  The court failed to put into the sentencing record its reaction to Mr. Davis's argument, explain why it did not weigh Mr. Davis's traumatic experience and mental health issues more heavily, or make clear how it incorporated that

12

evidence into its assessment of Mr. Davis's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). This was error.

Procedural reasonableness requires that the sentencing court conduct an "individualized assessment" and "adequately explain the chosen sentence." *Gall*, 552 U.S. at 50. To satisfy those criteria "[u]nder the law of this circuit[,] a [sentencing] court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *Ross*, 912 F.3d at 744 (citing *Blue*, 877 F.3d at 518; *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017)). The requirement that a court address each non-frivolous mitigation argument ensures the availability of "meaningful appellate review" and "promote[s] the perception of fair sentencing." *Slappy*, 872 F.3d at 208 (citing *Gall*, 552 U.S. at 50)). When a judge violates that rule, the resulting sentence is procedurally unreasonable, and this Court must vacate and remand. *Ross*, 912 F.3d at 744; *Blue*, 877 F.3d at 518; *Slappy*, 872 F.3d at 208; *United States v. Lynn*, 592 F.3d 572, 582 (4th Cir. 2010).

*Ross* and *Blue* illustrate the point. In *Ross*, a jury convicted the defendant of three child pornography offenses. 912 F.3d at 742. At the time of sentencing, the defendant already had received a 120-month term of confinement in state court for a prior sex offense involving a minor. The government requested a consecutive 120-month term for the federal offense. *Id.* at 743. Defense counsel responded that

13

such a sentence would, in essence, amount to an above-guidelines sentence of 240 months. Defense counsel also raised a number of other mitigation arguments. For instance, counsel argued that "the defendant had mental-health issues that prevented him from fully expressing his remorse" and that "Ross maintained gainful employment." *Id.* The district court imposed the 120-month sentence the government requested. It found that "the offense is a serious one," expressed "concern[] about the lack of remorse," and suggested that general deterrence required the sentence it was imposing. *Id.* at 743-44.

This Court reversed, holding that the district court "did not follow circuit precedent" requiring courts to consider "all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *Id.* at 744. For example, the district court did not engage with counsel's arguments related to the defendant's mental health. And it "did not address Ross's history of gainful employment [or] his role as a caretaker for his aging mother . . . as mitigating factors when calculating his term of confinement." *Id.* at 745. Although the district court provided some explanation for its sentence, the "post-sentencing commentary [was] non-responsive to Ross's arguments." *Id.* This Court still would have needed "to . . . speculate as to the reason for the district court's sentencing decision." *Id.* at 745. The district court's sentence, therefore, "violate[d] the legal standards for procedural reasonableness." *Id.*

14

*Blue* further highlights this principle.  The defendant in that case "pled guilty to armed bank robbery and brandishing a firearm during a crime of violence."  877 F.3d at 516.  At sentencing, defense counsel raised eight arguments in support of a more lenient sentence.  *Id.* at 517.  The defendant argued, for example, that he should receive a more lenient sentence because "he had successfully found employment and was a hard worker."  *Id.*  He also noted that he had accepted responsibility for his actions and urged that the guidelines applicable to him were too harsh and did not advance the goal of deterrence.  *Id.*  In imposing its sentence, the district court mentioned only two of the defendant's eight arguments "and left six . . . unaddressed."  *Id.* at 519.  As in *Ross*, the Court reversed.  It held that "the district court's failure to address Blue's arguments, as well as its failure to explain whether and why it rejected them, render[ed] Blue's sentence procedurally unreasonable."  *Id.*

The Court should reach the same result here.  The district court did not satisfy the requirement to give meaningful consideration on the record to all of Mr. Davis's non-frivolous arguments.  At a minimum, it should have given some indication of why these arguments did not lead the court to impose a shorter sentence—even a sentence above the guideline range but less than 72 months.  Mr. Davis's arguments were relevant to § 3553(a) factors, and provided a non-frivolous explanation for the criminal history on which the district court was unduly focused.

This Court has explained that "[w]e cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments … when the record fails to make it patently obvious." *Blue*, 877 F.3d at 521. In short, the court failed "to give specific attention to [Mr. Davis's] nonfrivolous arguments, and the court's failure to do so resulted in a procedurally unreasonable sentence." *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (internal citations and quotation marks omitted). As it has done in other cases, this Court should not hesitate to reverse the district court. *See, e.g.*, *id.* at 244-45 (reversing in part where district court failed to address defendant's arguments that his "only criminal conviction since 2010 was for reckless driving, that he has been committed to his family and his church, and that he has been employed and could return to his job upon his release").

Because the district court did not follow this Court's precedent directing it to address Mr. Davis's arguments during the sentencing hearing, the sentence it imposed should be vacated. This Court should remand the case for a new sentencing hearing, with instructions for the district court to address on the record at greater length all of Mr. Davis's non-frivolous arguments for a shorter sentence.

B.    The sentence is substantively unreasonable.

Even if the Court deems, Mr. Davis's 72-month prison term to be procedurally reasonable, the sentence is nevertheless substantively unreasonable because it is simply greater than necessary. A review for substantive reasonableness takes into

account the "totality of the circumstances." *Gall*, 552 U.S. at 51. As part of that review, the Court considers "the extent of any variance from the Guidelines range" and "[i]t may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Substantive reasonableness review "demands that we proceed beyond a formalistic review of whether the district court recited and reviewed the § 3553(a) factors and ensure that the sentence caters to the individual circumstances of a defendant, yet retains a semblance of consistency with similarly situated defendants." *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014) (quoting *United States v. Evans*, 526 F.3d 155, 167 (4th Cir. 2008) (Gregory, J., concurring)).

The correctly calculated guideline range of 21 to 27 months appropriately accounted for Mr. Davis's personal history and characteristics as well as his criminal record. A sentence within that range would have been presumptively reasonable. The district court, in effect, negated the guideline range calculation and failed to accord the range its proper role as the "starting point and initial benchmark" for the sentencing process. *Gall*, 552 U.S. at 49.

In choosing a sentence, the district court appeared to rely almost entirely on Mr. Davis's criminal history. The court's extensive focus on one factor was done "at the expense of a reasoned analysis of other pertinent factors." *Howard*, 773 F.3d at 531. "Sentencing courts remain obligated not to 'give excessive weight to any relevant

17

factor' and to impose a sentence 'which effect [s] a fair and just result in light of the relevant facts and law.'" *United States v. Tucker*, 473 F.3d 556, 562 (4th Cir. 2007) (quoting *United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006)); *see also United States v. Hampton*, 441 F.3d 284, 289 (4th Cir. 2006) (vacating defendant's sentence as unreasonable where district court "actually relied on (rather than merely mentioned) only one aspect of one § 3553(a) factor").

To be sure, a district court is not required to "robotically tick through § 3553(a)'s every subsection." *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009). Yet the court must do more than robotically mention those factors without giving any substance to its consideration of them. *See Howard*, 773 F.3d at 535 (finding sentence unreasonable despite the fact that district court "sought to intone" each of the § 3553(a) factors). "[A] talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *Carter*, 564 F.3d at 329.

Part of this Court's obligation in reviewing sentences is to police against unwarranted disparities and "to iron out sentencing differences." *See United States v. Booker*, 543 U.S. 220, 263-64 (2005). Affirming Mr. Davis's sentence would undermine that goal, because it would equate him with defendants with worse records who received shorter sentences. *See* J.A. 63-65.

A sentence of less than 72 months would have been "sufficient, but not greater than necessary" to achieve all the goals of sentencing. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (noting that this is a sentencing court's "overarching" mandate). "[A] sentence that is greater than necessary to serve those purposes [in § 3553(a)] is unreasonable." *United States v. Shortt*, 485 F.3d 243, 248 (4th Cir. 2007). In light of the totality of the circumstances, Mr. Davis's sentence violates the legal directive that it be no greater than necessary.

The district court abused its discretion in sentencing Mr. Davis, and the 72-month sentence is therefore unreasonable. This Court should vacate that sentence and remand for a new sentencing hearing.

## <u>CONCLUSION</u>

For these reasons, this Court should vacate Mr. Davis's sentence and remand for resentencing.

Respectfully submitted,

GEREMY C. KAMENS
Federal Public Defender
for the Eastern District of Virginia

_____ s/  Patrick L. Bryant_____
Patrick L. Bryant
Andrew W. Grindrod
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Patrick_Bryant@fd.org
Andrew_Grindrod@fd.org

July 20, 2023

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for appellant believe that the issue in this case is straightforward, but would like the opportunity to present oral argument if the Court determines that argument would be helpful to it in deciding the case.

20

## **CERTIFICATE OF COMPLIANCE**

1.    This Brief of the Appellant has been prepared using WordPerfect X6 software, Times New Roman font, 14-point proportional type size.

2.    EXCLUSIVE of the table of contents, table of authorities, signature block, statement with respect to oral argument, and this certificate of service, this brief contains no more than 13,000 words, specifically 4,444 words.


I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.


    July 20, 2023                                    s/  Patrick L. Bryant
            Date                             Patrick L. Bryant
                                             Assistant Federal Public Defender