IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 23-4174

———————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

WILLIAM ANTHONY DAVIS, JR.,

*Appellant*.

———————————

Appeal from the United States District Court
for the Eastern District of Virginia
at Newport News
*The Honorable Roderick C. Young, District Judge*

———————————

BRIEF OF THE UNITED STATES

———————————

Jessica D. Aber                    Peter G. Osyf
United States Attorney             Assistant United States Attorney
                                   721 Lakefront Commons, Suite 300
Anthony L. Pappas                  Newport News, Virginia 23606
Second Year Law Student            (757) 591-4000
William & Mary Law School

*Attorneys for the United States of America*

# Table of Contents

**Page**

Table of Authorities ........................................................................... iii

Introduction ........................................................................................1

Issues Presented ................................................................................2

Statement of the Case.........................................................................3

    A.    Defendant's Prior Felony Convictions....................................3

    B.    Defendant's Most Recent Felony and Guilty Plea.................3

    C.    Sentencing .............................................................................5

        1.   Presentence Report Adjustment .......................................5

        2.   Government's Argument for an Upward Variance........................6

        3.   Defendant's Argument for a Sentence at the Guideline Minimum....................................................................7

        4.   Court Decision and Explanation. ....................................8

Summary of Argument .....................................................................11

Argument...........................................................................................13

I.    The district court's sentence is procedurally reasonable..............13

    A.    The district court considered the defendant's nonfrivolous arguments. ..........................................................14

    B.    The district court provided sufficient explanation for the sentence it imposed. .......................................................18

II.    The district court's sentence is substantively reasonable.............22

Conclusion ...........................................................................................26

Statement Regarding Oral Argument .....................................................27

Certificate of Compliance .....................................................................27

**Table of Authorities**

**Page**

**Cases**

*Gall v. United States*, 552 U.S. 38 (2007) ............................................... 12-13, 17, 21

*Rita v. United States*, 551 U.S. 338 (2007) .............................................17

*United States v. Blue*, 877 F.3d 513 (4th Cir. 2017).................................. 13, 15, 17

*United States v. Evans*, 526 F.3d 155 (4th Cir. 2008) ........................... 12, 13

*United States v. Fowler*, 948 F.3d 663 (4th Cir. 2020) ...........................23

*United States v. Friend*, 2 F.4th 369 (4th Cir. 2021) ............................. 13,19

*United States v. Gibbs*, 897 F.3d 199 (4th Cir. 2018) ............................ 18-19

*United States v. Jeffery*, 631 F.3d 699 (4th Cir. 2011) .............................20

*United States v. Linney*, No. 19-4590,2021 WL 443916 (4th Cir. 2021)................22

*United States v. Lozano*, 962 F.3d 773 (4th Cir. 2020) ............................14

*United States v. McKinnie*, 21 F.4th 283 (4th Cir. 2021) .................................. 20-21

*United States v. Montes-Pineda*, 445 F.3d 375 (4th Cir. 2006) ................ 14, 17, 20

*United States v. Morris*, 762 F. App'x 169 (4th Cir. 2019) ....................................22

*United States v. Nance*, 957 F.3d 204 (4th Cir. 2020)........................... 13, 20-23

*United States v. Provance*, 944 F.3d 213 (4th Cir. 2019).........................21

*United States v. Randall,* 827 F. App'x 252 (4th Cir. 2020)............................ 15-16

*United States v. Rivera-Santana*, 668 F.3d 95 (4th Cir. 2012*)* ..............................21

*United States v. Ross*, 912 F.3d 740 (4th Cir. 2019) ........................................ 17-18

*United States v. Slappy*, 872 F.3d 202 (4th Cir. 2017) .............................14

**Statutes**

18 U.S.C. § 922 .............................................................................4

18 U.S.C. § 3553 .............................................................8, 11-14,18-22

iii

**Other Authorities**

U.S.S.G. § 2K2.1......................................................................................................1

## Introduction

Defendant William Anthony Davis has a long and often violent criminal history. Since his first felony conviction in 2008, the defendant has committed four felonies aside from the one at hand, all of which he committed while on probation or while still in prison. His most recent offense reflects his propensity for committing dangerous crimes and putting others at risk of harm.

In March 2022, officers of the Hampton Police Department observed the defendant using a handheld device while operating a vehicle and attempted to conduct a traffic stop. However, the defendant tried to escape and put others at risk by running a red light and crashing into another vehicle. The officers searched and arrested the defendant and had begun transporting him when they observed the defendant acting suspiciously in the back of their vehicle. The defendant asked the officers to adjust his handcuffs several times, which they did. Then, the defendant asked the officers to adjust his handcuffs to the front of his body. The officers asked the defendant multiple times if he possessed anything illegal. Eventually, the defendant admitted to possessing a Hi-point, C9, 9mm semi-automatic handgun.

The defendant later pleaded guilty to felon in possession of a firearm. At sentencing, the defendant argued for a lenient sentence at the bottom end of the guidelines range. He argued that his unstable childhood accounted for his criminal conduct, and he presented as evidence letters of support from two women with

1

whom he has had a relationship. The government moved for an upward variance from the applicable sentencing guidelines range and requested a sentence of 10 years' imprisonment. The guideline calculation for the defendant's two convictions was 21 to 27 months based upon an offense level of 12 and a criminal history category of IV. The district court granted the government's motion for an upward variance but imposed a sentence of 72 months, four years below the government's 10-year recommendation. The sentencing court cited the defendant's criminal history, specific and general deterrence, and the need to protect society. The court also acknowledged and considered the defendant's mitigation arguments, even adding mental health treatment as a condition of the defendant's supervised release term and recommending he serve his sentence close to his family.

The defendant now challenges both the procedural and substantive reasonableness of his sentence. Because neither of these claims is persuasive, this Court should affirm the defendant's sentence.

## Issues Presented

Is the 72-month sentence imposed on the defendant procedurally and substantively reasonable?

## Statement of the Case.

### A.    Defendant's Prior Felony Convictions

In 2008, the defendant was convicted of robbery in Virginia state court. JA174. During the robbery, the defendant put his hands around the victim's neck and mouth before forcing her to the ground to steal her purse. JA174-75.

While awaiting trial for this robbery charge, the defendant threatened the mother of one of his children, Ms. Angela Holton, to "feed the judge and lawyers some bullshit to get me out" during sentencing. JA182. While incarcerated for this crime, the defendant injured another inmate during a fight and was charged with and convicted of gang-related participation in a criminal act. JA175-76. During his incarceration, the defendant also received more than 30 disciplinary actions for conduct such as threatening bodily harm, inciting a riot, and using drugs. JA175.

In 2011, the defendant was released and entered a term of supervision but was again arrested and convicted in 2012, this time for three felony counts of distribution/sale of a schedule I or II controlled substance. JA176-78. The defendant was released from imprisonment on February 19, 2021, and, just over a year later, he committed the instant offense. JA177-78.

### B.    Defendant's Most Recent Felony and Guilty Plea

On March 20, 2022, Hampton police officers observed the defendant driving while using a handheld device and attempted to initiate a traffic stop. JA40. Instead

3

of stopping, the defendant drove through a red light and crashed into another vehicle. JA40. At the time, the defendant was driving with a revoked license. JA40.

The officers arrested the defendant for reckless driving and proceeded to transport him for booking. JA40. The defendant complained about his handcuffs while he was transported in the back of the police vehicle. JA172. The officers adjusted defendant's handcuffs twice but became suspicious when the defendant again asked to have his handcuffs adjusted, this time to the front because of an alleged shoulder condition. JA172. Suspecting the defendant of possessing some form of contraband, officers asked the defendant multiple times if he had anything illegal on his person. JA172. After initially denying possessing anything illegal, the defendant eventually admitted he had a firearm hidden on his genitals.  JA172. When they arrived at the magistrate's office, the officers confirmed the defendant was concealing a Hi-point, C9, 9mm semi-automatic handgun in his waistband. JA40. The officers secured the firearm. JA172.

A federal grand jury indicted the defendant with unlawful possession of a firearm by felon, in violation of 18 U.S.C. § 922(g)(1) on July 18, 2022. JA7. The defendant pleaded guilty to this charge on August 31, 2022, without a plea agreement. JA11; 28.

4

### C.    Sentencing

#### 1.    Presentence Report Adjustment

The initial presentence report in this case calculated the defendant's guidelines range as 57 to 71 months, with a statutory maximum of 15 years' imprisonment. JA46-47. This calculation was based on an offense level of 24 because the report applied an enhancement for having at least two prior felony convictions for controlled substances under U.S.S.G. § 2K2.1(a)(2). JA83; JA90. The defendant objected to the enhancement, arguing that his prior convictions did not satisfy the guideline's criteria. JA83-89. The government argued against the motion, JA90-95, but the district court ultimately sustained the defendant's objection and reduced the offense level to 14. JA131-33. The court then applied a reduction of 2 points for acceptance of responsibility, bringing the defendant's total offense level down to 12. JA133. This amended the defendant's guidelines range to 21 to 27 months' imprisonment. JA133.

After the district court granted the defendant's objection to the presentence report, the court heard arguments from the government and the defendant regarding sentencing. JA134-46. The government moved for an upward variance to 10 years, JA135, while the defendant argued for a sentence at the low end of the guidelines range at 21 months. JA134. The defendant also submitted into evidence two character letters, one from his current girlfriend and one from a friend and

mother of one of his children. JA134; JA67-68; JA72-73. The court identified the

letters, announced that it had reviewed them prior to the hearing, and included

them as defendant's evidence. JA134.

### 2.    Government's Argument for an Upward Variance.

At sentencing, the government argued for a sentence of 10 years. JA135.

First, the government argued that its recommended sentence reflected the

seriousness of the offense because a felon in possession of a firearm is inherently

dangerous and Congress itself has underscored this by increasing the maximum

sentence from 10 to 15 years. JA135.

Second, the government stated that the nature of the offense was not

mitigating because despite the defendant's claims, he failed to do the right thing by

not coming forward with the firearm. JA136. The government argued that the

defendant attempted to flee the police, caused a crash, and did not disclose his

concealed firearm during his arrest. JA137. The government also argued that the

defendant should not get credit for admitting he had a firearm as he only did so

while already in custody, after the officers became suspicious and asked the

defendant repeatedly if he had anything illegal on his person. JA136-38.

Third, the government argued that an upward variance to 10 years would not

cause a sentencing disparity due to the defendant's criminal history category of IV

and his list of violent criminal offenses while on supervision. JA139-40. The

government pointed to several of this Court's cases to support the upward variance it recommended in this case. JA48; 140.

Finally, with regard to the defendant's letters of support, the government pointed out that the presentence report indicated that the defendant was previously caught on jail calls threatening a girlfriend to make supportive statements at his sentencing for a previous robbery conviction. JA140.

### 3.    Defendant's Argument for a Sentence at the Guideline Minimum.

The defendant requested a sentence at the low end of the guidelines. JA140. During argument, the defendant primarily relied on mitigating evidence of his unstable childhood and upbringing. JA59-62. In his position paper, the defendant outlined how his abusive relationships with his mother, father, and stepfather caused him to develop mental health issues and learning disabilities. JA59-61. Defendant's counsel argued that these factors disadvantaged the defendant in life and explained his criminal history. JA62. The defendant also argued that he had made some effort to do the right thing despite his illicit possession of a firearm. JA145. To that end, the defendant relied on letters from his friends who described him as a caring father and supportive friend. JA145; JA67-68; JA72-73. The defendant himself addressed the court and apologized for his conduct during his allocution. JA148.

### 4.    Court Decision and Explanation.

After hearing argument from both parties, the court proceeded to impose its sentence. The court first noted that it had reviewed the presentence report, the advisory guidelines range, the positions and arguments of both parties, the defendant's letters of support, and the defendant's allocution. JA149.

The court next reviewed the § 3553(a) factors. The court specifically noted the circumstances and seriousness of the charge, stating that the evidence of the defendant's guilt was "substantial." JA149. The court also indicated it read the paragraph of the presentence report which highlighted the facts and circumstances around his arrest. JA149. The court than considered the history and characteristics of the defendant. JA149. Here, the court granted that "[the defendant's] childhood was marked by instability, sickness, and abuse" before reviewing some of the facts surrounding the drug use and abusiveness of the defendant's parents. JA149-50. The court also noted the defendant's frequent hospital visits and learning disabilities. JA150. The court also reaffirmed receiving letters of support on the defendant's behalf. JA150. At the same time, the court considered the need for the sentence imposed to promote respect for the law, to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. JA150. To that end, the court stressed the defendant's extensive criminal history, which began when

the defendant was 19 years old, and noted that the instant offense occurred while the defendant was on court supervision. JA150.

The court also considered the need to provide the defendant with education or vocational training, medical care, and other correctional treatment. JA150-51. Here, the court noted that the defendant had a high school graduate equivalency and stated it would recommend educational and vocation training during his imprisonment. JA150-51.

The court then considered the advisory sentence guidelines range. JA151. Based on a total offense level of 12 and a criminal history category of IV, the court determined that the advisory guidelines range was 21 to 27 months' imprisonment. JA151. The court then considered the sentences available, the need to avoid unwarranted disparities in sentencing, and the arguments made by both parties. JA151. The court noted that it did not believe restitution was an issue in this case. JA151. The court also reviewed the government's motion for an upward variance to 120 months, which was based on the nature of the offense, the defendant's characteristics, deterrence, the need for punishment, and the need to protect society. JA151.  Finally, the court stated it reviewed the presentence report and the characteristics of the defendant, including his troubled background, the parental influences on him, and his criminal history since he was 19 years old. JA151.

After thoroughly considering all the factors above, the court granted the government's motion for an upward variance. JA152. The court cited several reasons in support of the upward variance. First, the court explained that the defendant had committed this recent offense after sustaining at least two convictions involving drug distribution and that the defendant's decision to conceal the firearm put the officers in "serious danger." JA152. The court also referenced the defendant's extensive criminal history and expressed particular concern over the defendant's disciplinary record while incarcerated for his prior robbery charge. JA152-53:

> while incarcerated … Mr. Davis was sanctioned for disobeying orders 11 times; for being in unauthorized areas three times; for failing to follow institutional procedures three times; for using -- for being under the use of drugs or pertaining to the use of unprescribed drugs three times; vulgar or insolent gestures or language directed toward employees twice; lewd or obscene acts directed toward or in the presence of another twice; indecent exposure twice; failure to follow written and proposed institutional rules and regulations twice; threatening bodily harm; possession of unauthorized or unprescribed drugs; stealing, intentionally destroying/altering property; violations of conditions of conditional penalties/suspension for any Category I offenses; inciting a riot; and tampering with security materials, devices or equipment.

JA152-52. Finally, the court noted that all the defendant's subsequent felonies after his first occurred during a period of court supervision. JA153. As the court explained, "And in addition to all of that, also, every time Mr. Davis has been convicted of a crime since he was released on that robbery conviction, after

10

committing all of these offenses while incarcerated, he's done so while he's been under a period of supervision from the Court." JA153. To this end, the court held that the guidelines range was insufficient:

> So obviously, what has happened now has not worked, and I don't believe, when I look at this record, that a guideline range of 21 to 27 months is sufficient, given the nature of the circumstances that's before me now and his criminal history and his history and characteristics when I look at everything as a whole.

JA153-54.

The court sentenced the defendant to 72 months' imprisonment with a term of supervised release of three years. JA154. As part of his supervised release, the court set the condition for the defendant to attend mental health treatment during his supervision. JA156. The court also recommended evaluation for substance abuse and mental health treatment while he was incarcerated, as well as for the defendant to be incarcerated as close as possible to his family. JA156.

This appeal followed.

## Summary of Argument

After the defendant pleaded guilty to illegally possessing a firearm as a felon, the district court imposed an upward-variance sentence of 72 months' imprisonment. Because the sentence is procedurally and substantively reasonable, this Court should affirm the judgement.

The defendant first challenges the procedural reasonableness of his sentence,

arguing that the district court did not sufficiently address his nonfrivolous arguments. But the district court did sufficiently consider the defendant's arguments, both explicitly and implicitly. The district court acknowledged the defendant's unstable childhood and said it would consider the defendant's evidence in the form of letters of support from friends. The court added mental health treatment condition to the defendant's supervised release term and made other recommendations implicitly acknowledging the defendant's individualized, troubled background. Moreover, the district court explained the upward variance after considering the § 3553(a) factors, such as the defendant's lengthy criminal history and behavior while in prison for prior offenses, which the court justifiably weighed more heavily than the defendant's letters of support from loved ones.

The defendant also challenges the substantive reasonableness of his sentence, arguing that the district court unduly relied on his criminal history in determining his sentence. However, the district court does not have to weigh all the factors equally at sentencing and has discretion to emphasize certain factors where appropriate. Again, the district court conducted a thorough, individualized assessment of the defendant and explained the upward variance in terms of the § 3553(a) factors.

The district court did not abuse its discretion in sentencing the defendant to 72 months' imprisonment. This Court should affirm.

12

**Argument**

At sentencing, the district court varied upward from the advisory guidelines range of 21 to 27 months' imprisonment and sentenced the defendant to a total of 72 months' imprisonment. The sole issue in this appeal is whether that sentence was procedurally and substantively reasonable.

This Court reviews the upward variance imposed by a district court "*only* 'under a deferential abuse-of-discretion standard,' regardless of whether the sentence imposed is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Further, "[i]t is not for the Court of Appeals to decide *de novo* whether the justification for a variance is sufficient or the sentence reasonable." *Id.* at 162 (quoting *Gall*, 552 U.S. at 59). Because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case," this Court gives "due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justif[y] the sentence." *Id.* (quoting *Gall*, 552 U.S. at 51, 59).

**I.     The district court's sentence is procedurally reasonable.**

The defendant challenges the procedural reasonableness of his sentence, arguing that the district court did not adequately address his nonfrivolous arguments for a sentence at the low end of the guidelines. In evaluating procedural

13

reasonableness, this Court "ensure[s] that the district court committed no

significant procedural error, such as failing to calculate (or improperly calculating)

the Guidelines range, treating the Guidelines as mandatory, failing to consider the

§ 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing

to adequately explain the chosen sentence." *United States v. Friend*, 2 F.4th 369,

379 (4th Cir. 2021) (quoting *Gall*, 552 U.S. at 51). From there, to satisfy "the

procedural reasonableness standard, a district court must" (1) "'conduct an

individualized assessment of the facts and arguments presented and impose an

appropriate sentence'"; and (2) "'explain the sentence chosen.'" *United States v.*

*Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *United States v. Blue*, 877 F.3d

513, 518 (4th Cir. 2017)). Because the district court properly considered the

defendant's arguments and provided sufficient, supporting explanation, the

defendant's sentence is procedurally reasonable.

### A.    The district court considered the defendant's nonfrivolous arguments.

The defendant contends that the district court did not sufficiently consider

his arguments for a lower sentence. However, the district court explicitly and

implicitly considered the defendant's arguments and extensively explained its

reasoning for imposing a sentence above the guidelines range.

As part of conducting an individualized assessment, the sentencing judge

must address or consider the defendant's nonfrivolous arguments. *United States v.*

14

*Lozano*, 962F.3d 773, 782 (4th Cir. 2020). Further, this Court does not evaluate a district court's sentencing statements in a vacuum; instead, it may look to the context surrounding the explanation for content to evaluate "whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Motes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

The record makes clear that the district court heard and considered the defendant's arguments. *See United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (requiring the court to "provide enough" to indicate "that it *considered*" the defendant's arguments) (emphasis added). While reviewing the defendant's history and characteristics during sentencing, the district court explicitly acknowledged the defendant's mitigating evidence:

> I've also considered the history and characteristics of Mr. Davis. Mr. Davis' childhood was marked by instability, sickness, and abuse. His father abused alcohol and crack cocaine. His stepfather physically abused him. And both his stepfather and mother also abused drugs. He spent time in the hospital as a child and dealt with learning disabilities. As referenced earlier, the Court has received letters of support from two of his friends who he's had relationships with, including his girlfriend and the mother of one of his children.

JA149-50. The court also stated several times during sentencing that it considered the defendant's letters of support from his friends in determining his sentence. JA149-50. In addressing the government's argument for a departure, the court stated as follows:

> And so the Court has reviewed the presentence report, has considered
> the nature and circumstances of the offense, has considered Mr.
> Davis' background, both the troubled background he had as a child
> and the parental influences on him, and has considered his history and
> characteristics of what he's done since he's 19 years old.

JA152. It is also apparent that the district court considered the defendant's

arguments and individual characteristics when tailoring his sentence. The district

court implicitly addressed the defendant's troubled childhood when it imposed a

mental health treatment condition to his supervised release. JA155. The court also

recommended educational and vocational training during his incarceration and that

the defendant "be housed as close to [his] family as possible." JA156. It is clear

from these conditions and recommendations that not only did the district court

conduct an individualized assessment, but it also considered the defendant's

mitigation arguments and sought to address them. *See Nance*, 957 F.3d at 213

("[W]here a sentence is tailored to address individual characteristics – here, for

instance, the requirement of drug treatment for Nance, who struggles with drug

addiction – we may infer consideration of the relevant personal characteristics

under § 3553(a)."); *Blue*, 877 F.3d at 521 ("[R]eviewing courts may infer such

consideration where the sentence imposed is explicitly tailored to address a

defendant's individual characteristics, such as requiring substance abuse treatment

for defendants who struggle with drug and alcohol abuse issues."); *United States v.*

*Johnson*, 445 F.3d 339, 346 (4th Cir. 2006) (same).

This Court can also infer that the district court carefully considered the defendant's arguments because it did not fully agree with the government's recommended sentence. In *United States v. Randall*, this Court determined that the context surrounding the district court explanation provided enough "content" to demonstrate it considered the defendant's arguments in mitigation. *See* 827 F. App'x 252, 255 (4th Cir. 2020). There, the sentencing court expressly rejected the defendant's motion for a downward variance, but it also declined to impose the government's recommendation for a top-of-the-guidelines sentence. *Id.* at 255-56. This Court held that decision "provide[d] enough context to demonstrate that [the sentencing court] considered and, to a large degree, accepted Randall's arguments in mitigation even though it did not address them explicitly." *Id.* As a result, this Court decided that any error in the court's explanation was harmless. *Id*. at 256.

While the district court in this case plainly considered the defendant's arguments, it also implicitly agreed with them by declining to impose the government's recommendation of a ten-year term of imprisonment. Though the court did grant the government's motion for an upward variance, it ultimately imposed a sentence of 72 months, four years less than the government's recommendation. This suggests, as in *Randall*, that the district court accepted, at least in part, the defendant's arguments in determining the appropriate length of his sentence. For the same reasons, even if the district court were deemed to be

17

required to state more on the record, any error in the length of the court's

explanation would be harmless given that the record shows that the district court

understood and took into account the defendant's arguments. As this Court has

held procedural errors are subject to harmlessness standards. *See, e.g., United

States v. Boulware*, 604 F.3d 832, 839 (4th Cir. 2010) ("[T]he record in this case

leaves us with no doubt that the district court considered her argument in the

context of applying the § 3553(a) factors. The district court specifically noted on

the record that it read Boulware's letter and that of her cousin.").

### B.     The district court provided sufficient explanation for the sentence it imposed.

The Supreme Court has held '[w]here a matter is as conceptually simple . . .

and the record makes clear that the sentencing judge considered the evidence and

arguments, [it] do[es] not believe the law requires the judge to write more

extensively.'" *Rita v. United States*, 551 U.S. 338, 359 (2007); *United States v.

Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018). This Court "will not vacate [a] sentence

simply because the [sentencing] court did not spell out what the context of its

explanation made patently obvious." *Montes-Pineda*, 445 F.3d at 381.

The defendant attempts to stretch this Court's decisions in both *Ross* and

*Blue* to suggest that the district court did not properly contemplate his arguments at

sentencing, despite the court expressly having considered them on the record. (Def.

18

Br. 15.) Both cases are distinguishable because the sentence explanations in those cases are not comparable to the court's explanation here.

In *Blue*, this Court vacated the defendant's sentence because the district court only addressed two of the defendant's eight non-frivolous arguments. 877 F.3d at 521. It was not the case that the district court provided insufficient consideration of these arguments but rather because it did not mention them at all. *See Id.* at 519. Conversely, where the court did address two of the defendant's arguments, it briefly noted them without an extensive explanation for why it rejected them. *Id.* at 517. This Court found the district court's explanation insufficient because the court failed to address or even mention the defendant's remaining six arguments. *See Id.* at 519.

Similarly, the district court in. *Ross* gave no indication it heard or considered any of the defendant's arguments in its sentence explanation. *See* 912 F.3d 740, 745 (4th Cir. 2019). Instead, the court simply stated it found the defendant's arguments unpersuasive and that "the Government's recommendation is appropriate and that's my sentence and the reason for it." *Id.* at 743. The court added it was concerned by the defendant's lack of remorse and briefly cited specific and general deterrence without any individualized reference to the defendant. *Id.* at 743-44. As the record did not reflect an individualized assessment

19

and failed to remark on the defendant's arguments, this Court determined that these explanations were insufficient and vacated the sentence. *Id*. at 745.

Here, the district court provided a more substantial explanation than the courts in *Blue* and *Ross*. Unlike in those cases, the district court stated for the record that it considered all the defendant's arguments and evidence. *See* JA149-50. As previously stated, the court acknowledged that the defendant's "childhood was marked by instability, sickness, and abuse." The court acknowledged that the defendant's "father abused alcohol and crack cocaine," that "[h]is stepfather physically abused him," and that "both his stepfather and mother also abused drugs." The court acknowledged that the defendant "spent time in the hospital as a child and dealt with learning disabilities." JA149-50. Subsequently, the court recognized the defendant's "background, both the troubled background he had as a child and the parental influences on him, and has considered his history and characteristics of what he's done since he's 19 years old." JA152. It is difficult to say what more the district court should have said about the defendant's upbringing after the court considered the other sentencing factors required under § 3553(a). *See Montes-Pineda*, 445 F.3d at 381 ("We will not vacate its sentence simply because the court did not spell out what the context of its explanation made patently obvious: namely, that a shorter prison term was inappropriate for a

defendant who had repeatedly committed a serious offense and who had already proven immune to other means of deterrence.").

In *United States v. Gibbs*, this Court juxtaposed the sentencing court's sentencing explanation with the court's responses to the defendant's arguments. 897 F.3d 199, 205 (4th Cir. 2018). Though the sentencing court in *Gibbs* only briefly considered the defendant's arguments, its express reasons for imposing the sentence, which centered around the defendant's criminal history, assured this Court that it considered the defendant's argument and satisfied appellate review. *Id.* at 206.

Here, while the court acknowledged and considered the defendant's mitigation arguments, it clearly found that those factors were outweighed and overshadowed by the objective evidence of his history and characteristics that the court must consider under § 3553(a). The court noted the defendant's extensive criminal history and that his most recent actions put others "in serious danger." JA152. The court explained it found the defendant's copious disciplinary sanctions during incarceration to be most concerning. JA152-53. Further, the court noted that all the defendant's subsequent convictions since his robbery conviction occurred "while he's been under a period of supervision from the Court." JA153. While the defendant's friends provided letters to *tell* the court he was making progress, the

21

defendant's conduct *showed* something different, and the district court weighed this evidence appropriately.

The defendant claims that the district court "unduly focused" on his criminal history and did not give enough meaningful consideration to his arguments or letters of support. That the defendant's friends claim he is a good father and friend is cold comfort to the officers the defendant put at risk through his decisions and actions. And although the defendant may be disappointed that the district court weighed his past and recent conduct more heavily than his own self-serving mitigation arguments, the court's decision to do so is not a procedural error. *See United States v. Friend*, 2 F.4th 369, 381 (4th Cir. 2021) ("Ultimately, defendant's disagreement with the district court's weighing of the sentencing factors is not enough to find the sentence procedurally unreasonable.").

## II.  The district court's sentence is substantively reasonable.

The defendant next asserts that the upward-variance sentence is substantively unreasonable. After properly calculating the advisory guidelines range of 21 to 27 months' imprisonment, the court ultimately imposed a sentence of 72 months' imprisonment.

"In reviewing the substantive reasonableness of a sentence," this Court "'examine[s] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards

22

set forth in § 3553(a).'" *United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir.

2021) (quoting *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir.

2010)). Although the Court "must consider the extent of the variance from the

sentencing range," the fact that the Court "'might reasonably have concluded that a

different sentence was appropriate is insufficient to justify reversal of the district

court.'" *Id.* (quoting *Gall*, 552 U.S. at 51). The district court has "'extremely broad

discretion when determining the weight to be given each of the § 3553(a) factors.'"

*Nance*, 957 F.3d at 215 (quoting *United States v. Jeffery*, 631 F.3d 699, 679 (4th

Cir. 2011)). Further, "the fact that a 'variance sentence deviates,' even

'significantly,' from the Guidelines range 'does not alone render it presumptively

unreasonable.'" *Id.* (quoting *United States v. Rivera-Santana*, 668 F.3d 95, 106

(4th Cir. 2012)). A variant sentence is "generally reasonable when 'the reasons

justifying the variance are tied to § 3553(a) and are plausible.'" *McKinnie*, 21 F.4th

at 292 (quoting *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019)).

The § 3553(a) factors support the variance sentence in this case. In selecting

a sentence, the district court considered the nature and circumstances of the

offense, JA149; 152; the history and characteristics of the defendant, including his

unstable childhood and criminal history, JA149-50; 152-53; and the need for the

sentence imposed to promote respect for the law, provide just punishment for the

offense, afford adequate deterrence to criminal conduct, protect the public from

further crimes of the defendant, and provide the defendant with educational or

vocational training, medical care, or other correctional treatment. JA150-51. The

court also considered the advisory guidelines range, the kinds of sentences

available, and the need to avoid an unwarranted sentence disparity. JA151. Further,

when it granted the government's motion for an upwards variance, the court

emphasized the defendant's criminal history, the danger inherent in concealing a

firearm while in police custody, and the defendant's numerous sanctions while

incarcerated for his prior robbery offense. JA152-53. The court also noted that

every time the defendant has been convicted of a crime after his robbery

conviction, it was during court appointed supervision. Thus, "the district court

conducted a thorough, individualized assessment" of the defendant "in light of the

§ 3553(a) factors," and the court's exercise of discretion in fashioning the sentence

was reasonable. *Nance*, 957 F.3d at 215.

The defendant argues that the district court failed to use the guidelines range

calculation as an initial benchmark for the sentencing process. (Def. Br. 17). This

is flatly incorrect, as the record shows the court considered and rejected the

guidelines range as insufficient. *See* JA153-54 ("So obviously, what has happened

now has not worked, and I don't believe, when I look at this record, that a

guideline range of 21 to 27 months is sufficient, given the nature of the

circumstances that's before me now and his criminal history and his history and characteristics when I look at everything as a whole.").

The defendant also argues that the court relied too heavily on his criminal history in determining his sentence. The defendant's mere disagreement with the court's weighing of the factors does not establish an abuse of discretion. *See Friend*, 2 F.4th at 381; *see also United States v. Morris*, 762 F. App'x 169, 170 (4th Cir. 2019) (per curiam) (holding, where the defendant "attempt[ed] to downplay the seriousness of his criminal history and the instant offense while highlighting his difficult upbringing," that "his mere disagreement with the value or weight given to each of these sentencing factors by the district court does not demonstrate an inappropriate exercise of that court's sentencing discretion"); *see also United States v. Linney*, No. 19-4590, 2021 WL 4439161, at *3 (4th Cir. Sept. 28, 2021) (per curiam) (holding that "[i]t was no abuse of discretion for the district court to conclude that [the defendant's] extensive criminal history . . . justified an above-Guidelines sentence"). Moreover, "it is not required that the district court somehow give all the different factors precisely equal weight. Sometimes one factor will outweigh the others." *Nance*, 957 F.3d at 216 (quoting *United States v. Fowler*, 948 F.3d 663, 672 (4th Cir. 2020)). Given the Court's "deferential standard of review, and considering the totality of the circumstances," *id.* at 217,

the district court did not abuse its discretion in imposing the upward variance

sentence given here.[1]

### Conclusion

This Court should affirm the defendant's sentence.


Respectfully submitted,

Jessica D. Aber
United States Attorney


_____ /s/
Peter G. Osyf
Assistant United States Attorney


_____

[1] In passing, and without any elaboration, the defendant suggests that his sentence creates an unwarranted disparity. (Def. Br. 18). But "the district court 'necessarily gave significant weight and consideration to the need to avoid unwarranted disparities' when it carefully reviewed and calculated [the defendant's guidelines range at the sentencing hearing." *United States v. Sueiro*, 59 F.4th 132, 141–42 (4th Cir. 2023) (quoting *Gall v. United States¸*552 U.S. 38, 54 (2007)). Moreover, this Court has rejected the "assertion that [a 120-month] sentence creates [an] unwarranted disparity with other § 922(g) defendants, as we have repeatedly upheld statutory maximum sentences for such defendants on substantive reasonableness grounds." *United States v. Messer*, 795 F. App'x 165, 169 (4th Cir. 2019) (collecting cases).

**Statement Regarding Oral Argument**

The United States respectfully suggests that oral argument is not necessary in this case.  The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

**Certificate of Compliance**

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 2016.

I further certify that this brief does not exceed 13,000 words (and is specifically 6,051 words) as counted by Microsoft Word, excluding the table of contents, table of authorities, statement regarding oral argument, this certificate, the certificate of service, and any addendum.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

_____/s/_____
Peter G. Osyf
Assistant United States Attorney

27